UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UQUINN BANKS,<br><br>                        Plaintiff,<br><br>-against-<br><br>JUDGE EDWARD J. MCLAUGHLIN, ET AL.,<br><br>                        Defendants. | 19-CV-4127 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff commenced this action nearly one year ago, in January 2019, in the United States District Court for the Northern District of New York, as a petition for a writ of *habeas corpus*. Plaintiff seeks damages and names as defendants individuals connected with Plaintiff's criminal proceedings (the presiding judge, prosecuting and defense attorneys), correction facilities, and a police precinct. The action was recharacterized as a civil rights action, and Plaintiff paid the $400.00 filing fee. The action was then transferred to this Court because Plaintiff asserted some claims that arose in this district, and any claims that Plaintiff was bringing that arose in the Northern District of New York were barred by Eleventh Amendment immunity.

      By order dated July 8, 2019, the Court granted Plaintiff leave to file an amended complaint within sixty days. That order specified that failure to comply would result in dismissal of the complaint for failure to state a claim upon which relief can be granted. Plaintiff has repeatedly requested extensions of time, among other reasons, on the ground that he has a pending motion under N.Y.C.P.L. § 440.10, challenging his conviction.[1] (ECF No. 44, 51, 52.)

---

[1] ). Plaintiff also seeks to change the nature of suit code to 440, which is the code for "other civil rights actions." Civil rights complaints filed by prisoners generally have the nature of suit code 550 (civil rights) or 555 (prison conditions). Because Plaintiff is incarcerated, 440 is not the

The Court informed Plaintiff that the pending motion was not good cause for extending the deadline but nevertheless extended the time for Plaintiff to amend his complaint. The Court notified Plaintiff that it would not grant further extensions and that failure to file an amended complaint would result in dismissal of this action. (ECF Nos. 40, 45, 49.)

Plaintiff has not filed an amended complaint. Accordingly, the complaint, filed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over any state law claims that the Plaintiff is asserting.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 21, 2019
       New York, New York

                                        COLLEEN McMAHON
                                        Chief United States District Judge

---

appropriate nature of suit code for this action. This designation in no way affects the Court's resolution of this matter.